**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **JERRY LYNN SMITH,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-587-Y |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Jerry Lynn Smith, TDCJ-ID #1125474, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On May 8, 2001, Smith was charged in a two-count indictment with manufacturing and

possessing with the intent to deliver more than four grams but less than twenty grams of methamphetamine. (State Habeas R. at 107.) The indictment also included enhancement and habitual offender notices. (*Id.*)

Before trial, Smith filed a motion for a *Jackson v. Denno* hearing to determine the voluntariness of his written statement to Detective Mike Ford. (Clerk's R. at 51.) At the hearing, Smith testified that he was arrested on the underlying charges at a friend's house in River Oaks on August 10, 2000. (2Reporter's R. at 6.) The next day, he was interviewed by Ford at the River Oaks jail. (2Reporter's R. at 38-39.) According to Smith, the two discussed the possibility of Smith becoming an informant for the Tarrant County Narcotics Task Force, and Smith believed that if he cooperated with law enforcement no charges would be filed against him. (*Id.* at 12, 27; 7Reporter's R., Exhibit PT-1.) Smith signed a written statement prepared by Ford detailing his activities and involvement in a drug enterprise with Steven Sinclair. (2Reporter's R. at 46-48; 7Reporter's R., Exhibit PT-1.) Smith was later released pending results of the lab tests on the controlled substances seized. (2Reporter's R. at 57-58, 81.) Ford testified that he did not recall having such a discussion with Smith and that Smith's statement was voluntarily given. (*Id.* at 56.)

Detective Stan Davis testified that he met Smith at the scene of the crime and that, on August 22, 2000, at the request of Ford, the two met again and discussed Smith's cooperation as an informant. (*Id.* at 6, 73.) Later that same day, Smith signed an "Agreement To Cooperate." (*Id.* at 6-7, 85; 7Reporter's R., Exhibit PT-3 & PT-4.) Pursuant to the agreement, Smith was to abide by certain regulations for cooperating individuals and to provide assistance and information leading to the seizure of at least three ounces of controlled substances in Penalty groups 1 or 2 and the arrest of at least three defendants within thirty days. (2Reporter's R. at 7, 77; 7Reporter's R., State's

2

Exhibit PT-3.)

Smith twice assisted narcotics officers in setting up drug deals. (*Id*. at 7-8.) Smith claimed he attempted but was unable to set up a third deal because the officers were too busy and wanted him to get the guy to come across the Tarrant County line. (*Id*. at 9-10, 27-28, 36.) On October 16, 2000, because Smith had failed to fulfill his side of the bargain, he was rearrested and charged with the underlying offenses. (*Id*. at 38, 81-82.) Based on the testimony at the hearing, the trial court denied Smith's motion, thereby implicitly rejecting Smith's testimony that his written statement was induced by a promise from Ford of immunity. (*Id.* at 96.)

On September 11, 2002, a jury found Smith guilty of the offenses, and the trial court assessed his punishment at forty years' confinement on each count. (Clerk's R. at 139.) Smith appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Smith's petition for discretionary review. *Smith v. Texas*, No. 2-02-413-CR, slip op. (Tex. App.–Fort Worth Jan. 15, 2004); *Smith v. Texas*, PDR No. 330-04. Smith did not seek writ of certiorari. (Petition at 3.) Smith filed a state application for writ of habeas corpus raising the claim presented herein, which was denied by the Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Smith*, No. WR-64,770-01, at cover. Smith filed this federal petition for writ of habeas corpus on August 23, 2006.[1]

D. ISSUE

In a single ground, Smith claims his constitutional rights were violated when he was coerced

---

[1]Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Smith did not, however, indicate on page 9 of the form petition the date he placed his petition in the prison mailing system. Thus, he is not given the benefit of the so-called mailbox rule.

3

into signing a self-incriminating statement that was used against him in his trial. (Petition at 7.)

E.  RULE 5 STATEMENT

Quarterman believes that Smith has sufficiently exhausted his state remedies with regard to the claim presented as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 4.)

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in

4

light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 1. Discussion of the Issue

Smith asserts his written statement was coerced because he signed it in order to secure a cooperation agreement in return for Ford's promise of immunity from prosecution in the case. (Pet'r Memorandum at 3-9.) He urges that Ford's testimony at the hearing that he did not make any promises to Smith in exchange for his statement was not true. (*Id.* at 4.)

The federal habeas corpus statute gives federal courts no license to redetermine the credibility of witnesses whose demeanor has been observed by the state trial court. *See Marshall v. Lonberger*, 459 U.S. 422, 423 (1983); *Sumner v. Mata*, 455 U.S. 591, 597 (1982). Instead, a credibility determination by a state court is afforded deference on federal habeas review. *See Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006); *Guidry v. Dretke*, 397 F.3d 306, 326 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1587 (2006). The trial judge must have believed Ford's version of events, and not Smith's, as evidenced by his denial of Smith's motion seeking to suppress the written statement. *See Lavernia v. Lynaugh*, 845 F.2d 493, 500 (5th Cir. 1988); *Armstead v. Maggio*, 720 F.2d 894, 896 (1983). Smith has not rebutted the state court's credibility determination with clear and convincing evidence.

## II. RECOMMENDATION

Smith's petition for writ of habeas corpus should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 11, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 11, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

    SIGNED December 21, 2006.

                                            /s/   Charles Bleil
                                       CHARLES BLEIL
                                       UNITED STATES MAGISTRATE JUDGE